Filed 8/31/21  P. v. Zylstra CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D078309 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. FVA801416) |
| ALICE MARIE ZYLSTRA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Bernardino County, Ingrid A. Uhler, Judge.  Affirmed.

Tonja R. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Alan L. Amann and A. Natasha Cortina, Deputy Attorneys General, for Plaintiff and Respondent.

In 2013, a jury convicted Alice Marie Zylstra of second degree murder arising from a death caused by her reckless driving while intoxicated (Pen.

Code,[1] § 187, subd. (a)). She was also convicted of vehicular homicide with gross negligence (§ 191.5, subd. (a)). Zylstra was sentenced to an indeterminate term of 15 years to life in prison.

Zylstra appealed, and this court affirmed the judgment in an unpublished opinion. (*People v. Zylstra* (July 14, 2015, D067474) nonpub. opn.].)[2]

In 2019, Zylstra filed a petition for resentencing under section 1170.95. In the form petition she alleged she pleaded guilty to a murder charge that was based on either the felony murder rule or the doctrine of natural and probable consequences. The court failed to appoint counsel. The court did review the record of conviction and denied the petition by written order. The court stated:

> "Court is summarily denying the Petition for Resentencing. Defendant failed to make a prima facie showing that she falls within the provisions of PC1170.95.
>
> "Defendant was the actual killer. The felony murder and natural and probable consequences theories did not apply to her convictions. She was found guilty of second degree murder based upon implied malice (*Watson* decision), which is not a basis for resentencing pursuant to PC1170.95."[3]

Zylstra filed a timely notice of appeal.

---

[1] All further statutory references are to the Penal Code.

[2] We have taken judicial notice of the records in case No. D067474.

[3] The reference to *Watson* is *People v. Watson* (1981) 30 Cal.3d 290, in which the court approved convictions for second degree murder in vehicular homicides where the defendant's conduct is sufficiently egregious to constitute implied malice.

2

Zylstra contends the order denying her petition should be reversed because the court failed to appoint counsel as required by statute. Since the briefing was completed in this case, the Supreme Court has clarified the law on this issue. (*People v. Lewis* (2021) 11 Cal.5th 952.) Applying the principles established by our high court, we will find the trial court erred in failing to appoint counsel. However, we will find the error harmless under any standard because Zylstra in not eligible for relief under section 1170.95 as a matter of law. The presence of counsel could not alter Zylstra's legal status. A conviction for implied malice murder as authorized by the *Watson* theory of liability does not implicate any of the theories of liability discussed in Senate Bill No. 1437 (Stats. 2018, ch. 1015) (Senate Bill 1437).

## STATEMENT OF FACTS

The facts of the crime are fully discussed in our prior opinion. We see no need to repeat them here. (*People v. Zylstra, supra*, D067474.)

## DISCUSSION

### A. Legal Principles

The court in *Watson, supra*, 30 Cal.3d 290, held that a person who drives under circumstances that demonstrate a willful disregard for human life, and unintentionally kills another person, may be found guilty of implied malice murder (second degree murder). In such cases, the defendant is the actual killer whose liability does not derive from conduct of a perpetrator. Thus, concepts of felony murder or natural and probable consequences from an underlying felony are not relevant.

Senate Bill 1437 was enacted to " 'amend[ ] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the

3

underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § 1, subd. (f).)" (*People v. Gentile* (2020) 10 Cal.5th 830, 842.)

When a trial judge reviews a petition for resentencing under section 1170.95, the court may dismiss the petition at the prima facie stage of review if the record of conviction demonstrate the petitioner is not eligible for relief as a matter of law. (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 329-330, review granted Mar. 18, 2020 S260493; *People v. Drayton* (2020) 47 Cal.App.5th 965, 982; *People v. Lewis*, *supra*, 11 Cal.5th at pp. 961-963.) As we have observed, the court in *Lewis* held trial courts are required to appoint counsel in cases such as this. A court's failure to appoint counsel must be reviewed for prejudice under the harmless error standard of *People v. Watson* (1956) 46 Cal.2d 818.

### B. Analysis.

As the court discussed in *People v. Gentile*, *supra*, 10 Cal.5th 830, Senate Bill 1437 was enacted to prevent the imposition of liability on aiders and abettors for murder using the felony murder rule or the natural and probable consequences doctrine. There is no indication the Legislature intended to reduce the liability for actual killers who act with implied malice. Indeed, that would be contrary to the statute.

Zylstra's liability here is based on her own conduct; there were no accomplices and, as we concluded in affirming her conviction, she personally acted with implied malice when she killed the victim. On this record, she is clearly ineligible for relief under Senate Bill 1437. The court's error in failing to appoint counsel was harmless.

4

## DISPOSITION

The order denying Zylstra's petition for resentencing under section 1170.95 is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

AARON, J.

DATO, J.